IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| DANNY L. HOLT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 06-3063-CV-S-SWH |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER

Pending before the Court is plaintiff's Motion for Application for Attorney's Fees Under Equal Access to Justice Act (doc. # 23). Plaintiff seeks approval for attorney fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, in the amount of $5,852.37 which represents 32.4 hours of attorney time at the rate of $160.38 per hour, 5 hours of paralegal time at the rate of $75.00 per hour and expenses of $281.06.

Defendant does not oppose an award of EAJA fees in this case. Rather, defendant contends that the number of hours billed is excessive as is the rate and that the fees should not be paid directly to counsel. (Defendant's Response to Plaintiff's Application for Attorney Fees Pursuant to the Equal Access to Justice Act, doc. # 24)

The EAJA allows reimbursement only for reasonable attorney fees and expenses. See 28 U.S.C. § 2412(d)(2)(A). In support of the request, plaintiff submitted a billing statement which contains a detailed description of the work counsel performed in his representation of the plaintiff and the amount of time spent on each task. (See Ex. B, doc. # 23-4) The billing statement shows a total of 32.4 hours of attorney time and 5 hours of paralegal time from February 8, 2006 to April

18, 2007.

In arguing that counsel's time was excessive, government counsel points out that the record was only 253 pages, contained less than 100 pages of medical records, and involved only routine arguments such as credibility issues and the weight to be given to the medical opinions of treating physicians. (Defendant's Response, doc. # 24 at 2)  Thus, 24.5 hours for drafting the brief is alleged to be unreasonable.

In considering the arguments made by both parties, the Court has re-reviewed the original briefs and the Administrative Record.  The brief filed by the claimant was 39 pages long with a detailed summary of the medical records.  In a case such as this where some of the medical examination reports are in long hand and difficult to read, such a summary is essential.  (See e.g. the medical examination reports at 171-182 of the Administrative Record)  Further, where plaintiff's brief referred to medical conditions, there was a footnoted definition provided saving the Court the time of looking up medical terminology. (See e.g. footnotes 1-3 of doc. 10 at 23)  There were also footnoted references to applicable social security rulings.  As an exhibit to the brief, counsel set forth all ten medications prescribed by the treating physicians with a PDR reference to the condition for which the medication was prescribed.  Properly prepared briefs containing an exhaustive analysis of the specific medical conditions documented in the medical records, coupled with a discussion of the significance of those conditions and argument as to why the social security regulations mandate a reversal of the decision on the facts presented, can be time consuming to prepare.

Citing Blakey v. Apfel, No. 98-3181-CV-S-SSA, and Abbott v. Apfel, No. 99-4224-CV-C-AE-SSA, defendant states that courts in the Western District of Missouri have held that a total of 15 to 20 hours is the ususal time claimed and awarded in cases involving issues that are not

2

particularly complex. (Defendant's Response, doc. # 24 at 2 ) The Court has not had the opportunity to review the medical records, the transcripts or the briefs in the two cases cited. However, the Court notes that <u>Blakey</u> was decided in July of 2000 and <u>Abbott</u> in January of 2001. This Court's recent experience has been that a plaintiff's brief in a social security case can frequently take longer than 15 hours to prepare. See e.g. <u>Dill v. Astrue</u>, No. 06-3368-CV-S-SHW (unopposed fee request of 37.8 hours of attorney time); <u>Kyle v. Astrue</u>, No. 06-3327-CV-S-SWH (unopposed fee request of 30.65 hours of attorney time); <u>Inman v. Astrue</u>, No. 06-0497-CV-W-SWH (fee request for 51.8 hours of attorney time compromised for a fee of $7500 representing approximately 48.3 hours at the rate of $155.00 per hour); <u>Stark v. Astrue</u>, No. 06-4234-CV-C-SWH (unopposed request of 30.1 hours of attorney time). The Court concludes that given the work product in this case, the requested attorney and paralegal hours are not unreasonable.

Defendant next argues that the bulk of the work on the case was performed in 2006, but the hourly rate sought, $160.38, was calculated using the cost of living adjustment of March of 2007. Although objecting to the rate, government counsel did not offer an alternative rate for the Court to consider. In other cases before the Court, counsel calculating the attorney rate based upon the CPI for 2006 have claimed that the rate should be from $155.00 to $160.00 per hour. Accordingly, the Court will award a rate of $160.00 per hour in this case, recognizing that only 7.45 hours of attorney and paralegal time was for work done in 2007.

Finally, the defendant argues that the fees should not be paid directly to counsel. Although the reason for opposing direct payment to counsel is not discussed in this brief, in other cases where this issue has been raised, government counsel has expressed the view that, if a fee award is directed to plaintiff, rather than plaintiff's counsel, the Department of Treasury through a Treasury Offset

3

Program may be able to claim proceeds being awarded under the EAJA.  A primary purpose of the EAJA was to remove the obstacle of litigation expenses and ease the economic imbalance between claimants and the United States so that litigants could challenge unreasonable governmental action in order to vindicate their rights in court.  See Sullivan v. Hudson, 490 U.S. 877, 883 (1989) ("Congress passed the EAJA in response to its concern that persons 'may be deterred from seeking review of, or defending against, unreasonable governmental action because of the expense involved in securing the vindication of their rights.' 94 Stat. 2325")  Thus, it is ironic that the government seeks to interpret the law in such as way as to increase the difficulties faced by individual litigants in challenging governmental action.  Clearly an award for attorney fees is intended to compensate the attorney, not generate income for the claimant so that it may be attached by other federal agencies.  See Dixon-Townsell v. Barnhart, 445 F.Supp.2d 1283, 1285 (N.D. Okla. 2006).

The law sets forth four requirements for eligibility for an award under the EAJA:  (1) the party opposing the United States must have prevailed; (2) the party's net worth may not exceed two million dollars; (3) the position of the government was not substantially justified; and (4) there must be an itemized statement of fees.  28 U.S.C. §§ 2412(d)(1)(A), (d)(1)(B) and (d)(2)(B).  The requirements for eligibility for an award under the EAJA would appear to be a different issue than to whom the EAJA check should be paid.

Not only is payment directly to counsel consistent with the purposes of the EAJA, but in this case, in the attorney fee contract, Mr. Holt specifically agrees that any fee under the EAJA "is to be paid to my attorney(s)." (Exh. A, doc. # 23-3 at 1)

Accordingly, it is

ORDERED that plaintiff's Motion for Application for Attorney's Fees Under Equal Access

to Justice Act (doc. # 23) is granted and plaintiff is awarded attorney fees of $5,559.00[1] and expenses of $31.06 for a total award of $5,590.06 under the EAJA. It is further

ORDERED that pursuant to 31 U.S.C. § 1304, plaintiff is reimbursed $250.00 for the United States District Court filing fee from the Judgment Fund administered by the United States Treasury Department.[2]

                                                                */s/ Sarah W. Hays*
                                                                     SARAH W. HAYS
                                                   UNITED STATES MAGISTRATE JUDGE

---

[1] This represents 32.4 hours of attorney time at the rate of $160.00 per hour and 5 hours of paralegal time at the rate of $75.00 per hour.

[2] Plaintiff asked for the entire award of fees and expenses to be made under the EAJA. Government counsel did not address the issue of whether the filing fee should be paid from the EAJA fund. However, based on prior filings by the government, the Court assumes that the filing fee should be paid from the Judgment Fund of the Treasury Department.

5